Copy mailed to ~~attorneys for parties~~ pltf by the Court pursuant to Rule 77 (d) Federal Rules of Civil Procedures. 9/23/05
cc: Warden
AAG Finkelmeyer

U.S. DIST. COURT EAST DIST. WISC.
FILED
SEP 2 2 2005
AT_____ O'CLOCK_____M
SOFRON B. NEDILSKY

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JEVON D. JACKSON,

           Plaintiff,

v.                                Case No. 05-C-711

WILLIAM POLLARD and
MATTHEW J. FRANK,

           Defendants.

## DECISION AND ORDER

    Plaintiff Jevon D. Jackson, a Wisconsin state prisoner, lodged a *pro se* civil rights complaint under 42 U.S.C. § 1983. The plaintiff has paid the $250 filing fee.

    Regardless of the plaintiff's fee status, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

    A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual

contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley*, 355 U.S. at 47); *see also Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint). Of course, if a complaint pleads facts that

2

show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Thomson*, 362 F.3d at 970.

The plaintiff is incarcerated at the Green Bay Correctional Institution (GBCI). Defendant William Pollard is the warden at GBCI. Defendant Matthew J. Frank is the secretary of the Wisconsin Department of Corrections.

In Count I of the complaint, the plaintiff alleges that on May 26, 2005, he received a Notice of Non-Delivery of Mail from the mailroom rejecting a letter to the plaintiff from Inmate Connections, a company that runs a pen-pal website for prisoners. The plaintiff asserts that defendants Pollard and Frank continue to uphold and enforce a policy of denying and rejecting all mail from companies that provide internet pen-pal services.

In Count II, the plaintiff alleges that on March 25, 2005, he received a Notice of Non-Delivery of Mail from the mailroom rejecting and denying a letter to the plaintiff from Mamarazzi, Inc., a company that accepts unused postage stamps as payment. However, the plaintiff receives mail and publications from Prison Legal News, a publication company that accepts unused stamps as payment. The plaintiff asserts that defendant Pollard continues to enforce the policy of denying and rejecting mail from companies that accept unused stamps as payment, with the exception of mail and publications from Prison Legal News.

The plaintiff contends the policies described above violate the First Amendment since they impose restrictions that are not rationally related to legitimate penological interest. He seeks declaratory, injunctive, and monetary relief.

Prison officials may not interfere with a prisoner's exercise of First Amendment rights unless the interference is reasonably related to a legitimate penal interest. *See Thornburgh v. Abbott*, 490

U.S. 401, 414-15 (1989). There are four factors that courts must consider in determining whether a prison regulation is constitutional: whether the regulation is rationally related to a legitimate and neutral governmental objective; whether there are alternative means of exercising the right that remain open to the inmate; what impact an accommodation of the asserted right will have on guards and other inmates; and whether there are obvious alternatives to the regulation that show that it is an exaggerated response to prison concerns. *Turner v. Safley*, 482 U.S. 78, 89 (1987).

The court finds that the plaintiff has alleged sufficient facts to support a claim that his First Amendment rights were violated.

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff serve upon each defendant a copy of the complaint, a waiver of service form and/or the summons, and a copy of this order.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 22nd day of September, 2005.

BY THE COURT:

WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge